[No. D058725. Fourth Dist., Div. One. June 16, 2011.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
LAUREN M., Real Party in Interest.

## Counsel

Bonnie M. Dumanis, District Attorney, and James E. Atkins, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Henry C. Coker, Public Defender, Randy Mize, Chief Deputy Public Defender, and David Lamb, Deputy Public Defender, for Real Party in Interest.

## Opinion

McINTYRE, J.—In this case we conclude that the juvenile court acted beyond the scope of its authority in rescinding an order of victim restitution and instead ordering the district attorney's office to negotiate with the hospital to discount the victim's medical bills. We, therefore, grant the People's petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 2009, Lauren M. punched Kristin Feigel numerous times and caused injury. The juvenile court found true that Lauren committed battery on Feigel and placed her on probation. The court also ordered Lauren to pay $6,660.27 in restitution to Feigel for her medical bills.

In November 2010, Lauren moved to modify the restitution order arguing that she is in a difficult financial situation, and Feigel should be required to mitigate her damages by negotiating a discount with the hospital. At the restitution hearing, Lauren did not present any evidence. Rather, her counsel argued that the district attorney's office should be required to assist Feigel with negotiating a discount. The juvenile court denied Lauren's motion, stating that it did not have the authority to order the district attorney's office to negotiate with the hospital. Thus, the court confirmed its prior restitution order.

That same day, the juvenile court rescinded its restitution order without explanation and set another hearing on the matter. At the subsequent restitution hearing, the court stated that it reconsidered its prior decision and determined that it was in the best interest of the victim to negotiate the medical bills. The court further indicated that the district attorney's office should facilitate those negotiations. Accordingly, the court issued an order stating that it would set the restitution amount after "appropriate negotiations" pursuant to Health and Safety Code section 127400 et seq. (Hospital Fair Pricing Act).

This petition followed. We requested a response and stayed proceedings pending further order of this court. Lauren filed a response as the real party in interest.

## DISCUSSION

### A. *Standard of Review*

 In general, "[t]he standard of review of a restitution order is abuse of discretion. 'A victim's restitution right is to be broadly and liberally construed.' [Citation.] ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 [123 Cal.Rptr.2d 316].) However, where the issue raised presents a question of law, our review is de novo. (*Mamika v. Barca* (1998) 68 Cal.App.4th 487, 491 [80 Cal.Rptr.2d 175].)

Here, the People claim that we should review the court's order requiring it to negotiate with the hospital de novo and the order rescinding the prior

restitution award for an abuse of discretion. However, we conduct our entire review de novo as the juvenile's court's orders are both premised on its interpretation of its authority under the Hospital Fair Pricing Act.

B. *Restitution*

1. *Hospital Fair Pricing Act*

The People contend and Lauren concedes that the juvenile court acted beyond the scope of its authority when it ordered the district attorney's office to negotiate with the hospital concerning Feigel's medical bills. We agree.

■ In general, the Hospital Fair Pricing Act requires hospitals to discount medical bills or provide charity care for certain uninsured and financially qualified patients. (Health & Saf. Code, § 127405, subd. (a)(1).) We find nothing in the Hospital Fair Pricing Act that *requires* a patient to seek a discount for his or her medical bills or suggests that the court has authority to mandate that the patient or the district attorney do so. To the contrary, the Hospital Fair Pricing Act places the burden on the hospital to provide notice of its discounted and charity care policies so that a patient *may* apply for assistance. (Health & Saf. Code, § 127420, subd. (b)(5); see also Health & Saf. Code, § 127405, subd. (e) [referring to a *request* for discounted payment by the patient or patient's legal representative].)

Accordingly, the juvenile court's reliance on the Hospital Fair Pricing Act in ordering the district attorney's office to negotiate with the hospital was misplaced. Further, neither the juvenile court nor Lauren suggested any other authority for such an order and we find none. We conclude, therefore, that the juvenile court's order regarding negotiations with the hospital should be vacated.

2. *Restitution Order*

Despite her recognition that the juvenile court should not have ordered the district attorney's office to negotiate with the hospital, Lauren nonetheless contends that her arguments concerning the Hospital Fair Pricing Act constitute "extraordinary and compelling reasons for not ordering full restitution," and that the court had the authority to reserve the issue of restitution until Feigel's medical bills are "consistent with the Hospital Fair Pricing Act." We are not persuaded.

██ When a minor causes economic loss to a victim, the trial court must order the minor to make restitution to the victim. (Welf. & Inst. Code, § 730.6, subd. (a)(2).) (Undesignated statutory references are to the Welfare and Institutions Code.) The court must order "*full* restitution unless it finds compelling and extraordinary reasons for not doing so" and states the reasons on the record. (§ 730.6, subd. (h), italics added.) "[The] restitution order . . . shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct . . . including . . . [¶] . . . [¶] . . . [m]edical expenses." (§ 730.6, subd. (h).)

"At the core of the victim restitution statutory scheme is the mandate that a victim who suffers economic loss is entitled to restitution and that the restitution is to be 'based on the amount of loss claimed by the victim.' Thus, a victim seeking restitution . . . initiates the process by identifying the type of loss [citation] he or she has sustained and its monetary value." (*People v. Fulton* (2003) 109 Cal.App.4th 876, 885–886 [135 Cal.Rptr.2d 466] (*Fulton*).) "Once the victim makes a prima facie showing of economic losses incurred as a result of the defendant's criminal acts, the burden shifts to the defendant to disprove the amount of losses claimed by the victim." (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 [74 Cal.Rptr.3d 901], citing *Fulton*, at p. 886.)

Here, the juvenile court originally ordered Lauren to pay restitution in the amount of $6,660.27, which was based on Feigel's medical bills. The restitution order was consistent with the law requiring a restitution order to "fully reimburse" the victim for her economic losses (§ 730.6, subd. (h)) " 'based on the amount of loss claimed by the victim.' " (*Fulton, supra,* 109 Cal.App.4th at pp. 885–886.) Once Feigel made a prima facie showing of her economic losses, the burden shifted to Lauren to disprove those amounts. (*Ibid.*) Lauren presented no evidence disputing Feigel's medical bills, and thus failed to meet her burden to disprove Feigel's losses. Further, Lauren's arguments based on the Hospital Fair Pricing Act are unavailing as Feigel was not required to seek a discount for her medical bills. Accordingly, Feigel was entitled to full restitution in the amount of $6,660.27, as the juvenile court originally ordered.

## DISPOSITION

Let a writ of mandate issue directing the juvenile court to (1) vacate its order of November 16, 2010, requiring the district attorney's office to negotiate with the hospital concerning the victim's medical bills and

(2) vacate its order of November 10, 2010, rescinding its prior restitution order, and thereby reinstate the restitution order in the amount of $6,660.27. The stay issued by this court on December 10, 2010, is vacated.

Nares, Acting P. J., and Aaron, J., concurred.