Filed 9/10/13  P. v. Jackson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HOWARD HENDERSON JACKSON,<br><br>    Defendant and Appellant. | B245336<br><br>(Los Angeles County<br>Super. Ct. No. YA082461) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed with modifications.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, appellant Howard Henderson Jackson was found guilty of two counts of indecent exposure with a prior conviction for the same offense (Pen. Code, § 314, subd. (1)).[1]  He admitted he had prior convictions that fell under the "Three Strikes" law (§ 1170, subd. (a)-(d)) and section 667.5, subdivision (b).  Appellant was sentenced to 11 years and four months in prison.

The trial court ordered appellant to pay direct restitution of $753.60 to one of the victims in the case.  The calculation was based on the victim's lost wages resulting from her court appearances in the case.  Appellant challenges this order as unconstitutional.  He also argues the trial court miscalculated his conduct credits.  We reject the constitutional challenge but accept respondent's concession that the credits were miscalculated.


I.  FACTS

Due to the nature of the issues raised on appeal, the facts may be succinctly stated.  The current offenses concerned two incidents separated by a period of about 30 minutes.  First, appellant masturbated in front of Q.A. as she walked down a Los Angeles street.  Appellant commented, "Come here, bitch.  Let me fuck you.  Give me some pussy."

The second incident was similar.  Appellant approached R.I. as she was walking, exposed his penis, and told her she was a "bitch" and she "needed to get fucked."

Evidence of comparable prior crimes committed by appellant was also introduced.  On two separate occasions appellant approached women in public places, exposed his penis, and masturbated.  On a third occasion, appellant approached a woman as she was walking her son to daycare and touched her buttocks and legs.

---

[1] All further statutory references are to the Penal Code.

## II. DISCUSSION

### A. Restitution for Lost Wages

"It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const. Art. I, § 28, subd. (b)(13)(A).) "Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." (Cal. Const. Art. I, § 28, subd. (b)(13)(B).)[2]

Subdivision (f) of section 1202.4 implements the constitutional directive to require restitution for crime victims. (*People v. Tarris* (2009) 180 Cal.App.4th 612, 622.) Subject to certain limitations not relevant here "[i]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . based on the amount of loss claimed by the victim . . . or any other showing to the court." (§ 1202.4, subd. (f).) Included within the definition of economic loss is "[w]ages or profits lost by the victim . . . due to time spent as a witness or in assisting the police or prosecution." (§ 1202.4, subd. (f)(3)(E).)

Appellant argues the legislative provisions allowing victims to be compensated for lost wages is "outside the scope" of permissible restitution under the Section 28 and, as a result, they violate not only the California Constitution but also his right to due process under the federal Constitution.[3] Appellant's narrow reading of Section 28 is erroneous. Our High Court recently acknowledged precedent has "suggested that the right to restitution, . . . , [is] to be broadly and liberally construed." (*People v. Runyan* (2012) 54 Cal. 4th 849, 865; see also *People v. Phu* (2009) 179 Cal.App.4th 280, 283.)

---

[2] Article I, section 28, subdivision (b)(13) of the California Constitution is hereafter referred to as "Section 28."

[3] Because victim restitution has been considered "punishment" (see *People v. Brown* (2007) 147 Cal.App.4th 1213, 1221-1223) appellant may raise the constitutional challenges for the first time on appeal as appellant's position is that the restitution for lost wages was unauthorized as a matter of law (*People Scott* (1994) 9 Cal.4th 331, 354).

The primary purpose for requiring restitution "is reimbursement for the economic loss and disruption caused to a crime victim by the defendant's criminal conduct." (*People v. Runyan, supra,* 54 Cal.4th at p. 865.)  If appellant had not masturbated in front of Anderson, she would not have made court appearances in lieu of going to work. Appellant's criminal conduct caused Anderson to miss work and, as a consequence, suffer economic loss.

The premise underlying appellant's constitutional challenges is unpersuasive.  We decline to interpret the broad language in Section 28 as excluding lost wages from restitution that may be recoverable by a crime victim.  A crime victim's lost wages due to court appearances related to the prosecution of the defendant is well within the ambit of Section 28 "loses" suffered as a "result of criminal activity."  (See, e.g., *People v. Moore* (2009) 177 Cal.App.4th 1229, 1233 [victim may recover restitution for lost wages because "the victim's attendance at the pretrial and trial proceedings, and the costs associated with that attendance, were a direct result of defendant's criminal behavior"] *People v. Crisler* (2008) 165 Cal.App.4th 1503, 1509 [parents of murder victim may receive restitution for lost wages for time spent attending trial because the economic loss "would not have been incurred had defendant not murdered their son"].)  The restitution order was constitutional.

### B.  Credits

Appellant was given credit for 412 days of actual time in custody plus 206 days of conduct credit.  Because he committed his crimes after October 1, 2011, we accept respondent's concession that appellant should have been given 412 days of conduct credit (§ 4019, subds. (f) & (h)) and order the judgment corrected (see *People v. Duran* (1998) 67 Cal.App.4th 267, 270).

4

### III.  DISPOSITION

The trial court is ordered to correct the abstract of judgment to reflect 412 days of conduct credit and forward a copy of the corrected judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment and restitution order are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

MOSK, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.