Filed 9/3/20  In re Christopher G. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re CHRISTOPHER G., a Person Coming Under the Juvenile Court Law. | D077061 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER G.,<br><br>    Defendant and Appellant. | (Super. Ct. No. J242345) |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed and remanded with directions.

Elisabeth R. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

In response to two juvenile court petitions filed under Welfare and Institutions Code section 602, Christopher G. (the Minor) admitted one count of robbery (Pen. Code,[1] § 211) and one count of assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). The remaining count and allegations were dismissed with a *Harvey* waiver.[2]

Following a disposition hearing, the Minor was declared a ward of the court and placed on probation. Two months later, the Minor admitted violating his probation. He was committed to Urban Camp for a period not to exceed 85 days.

The court held a restitution hearing and ultimately ordered restitution to victim M.S. in the amount of $295. As to victim J.W., the court ordered restitution in the amount of $160.

The Minor appeals raising two sets of issues. First, he contends the juvenile court erred in failing to expressly state whether the assault count is to be a felony or a misdemeanor. The People concede the record does not contain an express determination by the court and therefore remand is necessary to allow the juvenile court to decide and state it on the record. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1210-1211.) We will accept the People's concession and remand the matter to the juvenile court for compliance with Welfare and Institutions Code section 702.

The principal contention on appeal is that the court abused its discretion in awarding restitution to two victims because their claims were not adequately documented. We will reject the latter contention and find there is an adequate basis in this record to support the court's decision.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754.

STATEMENT OF FACTS

The Minor does not challenge his true findings. Therefore, we will adopt the factual summary from the respondent's brief to provide background for the later discussion of restitution.

In the beginning of 2019, the Minor, who did not have a juvenile record at the time, became increasingly violent, including committing assaults and robberies.[3] His first juvenile petition, JDA No. H5078, arose from an incident in which the Minor and several friends attacked a fellow high school student, M.S., near a school bus stop. According to M.S., on February 12, 2019, prior to the start of school, the Minor walked by and stared at him. M.S. said he asked why the Minor was staring at him, and it angered the Minor. The Minor challenged M.S. to fight after school but M.S. said he did not want to fight. Throughout the day, however, students told M.S. that the Minor and his friends were going to fight him and they did. The fight was captured on video. The Minor's friend started the fight and the Minor and his companions eventually joined in. The Minor punched M.S. and kicked him in the head while he was on the ground. A teacher and other students were able to eventually break up the fight. M.S. suffered a concussion as a result of the fight.

The second juvenile petition arose following another assault and two robberies, JDA No. H5005. On May 12, 2019, the Minor challenged J.W. to a fight at the Olive Grove Park. When J.W. told the Minor that he would not fight him, the Minor shoved J.W. off his skateboard. J.W., however, was able to get back on his skateboard and skate to the backside of the park but the

---

[3] Probation did not locate any juvenile record for the Minor prior to the incident underlying this appeal but the Minor advised that in 2017, when he was in 7th grade, he completed diversion for a battery.

Minor pursued him in a car with two friends. While the Minor's two friends exited the car and approached J.W., the Minor came up from behind and pulled J.W. to the ground. He then punched J.W. in the back of the head approximately seven to eight times. J.W.'s skateboard was then taken and placed inside the car that the Minor had been in. A passerby scared the Minor and the two other males away. J.W. sustained bruising and cuts to the right side of his head, left ribcage, both knees, and elbows.

On May 24, 2019, the Minor and two companions approached two other minors who were riding an electric scooter and a bike. The Minor threatened them, "We from Luni Mob nigga. We will bring back the big homies to sock you up if you don't give up the scooter." The Minor, in turn, grabbed the scooter and fled with his companions.

The Minor admitted to a probation officer that he associates with Luni Mob gang members and the TOEK tagging crew, although he denied a desire to join the gang. He also admitted that he does sometimes carry a gun or a knife on his person.

DISCUSSION

The Restitution Order

The Minor challenges the amounts of restitution ordered for two of the three victims of his unlawful behavior. We will briefly summarize the restitution hearing and then discuss the Minor's contentions.

A. The restitution hearing

The evidence used at the hearing was two sworn victim restitution requests attached to the probation officer's report. Victim, M.S. requested $581, consisting of $195 for prepaid boxing lessons, which the victim missed due to injuries from the offense. The request also included $100 for gasoline for travel to the various medical and therapy appointments, plus $286 for

4

employment wages. The court disallowed the claim for employment wages as not justified but granted the remainder of $295.

The victim, J.W. requested $160 for loss of a custom skateboard, Bluetooth earbuds and the deductible paid to Kaiser for his medical treatment. The trial court granted J.W.'s request.

The Minor did not offer any rebuttal evidence but did object to all of the award as not sufficiently documented.

### B. Legal Principles

The California Constitution guarantees victims the right to receive restitution from persons convicted of crimes which caused the victim's losses. (Cal. Const., art. I, § 28, subd. (b)(13)(A).) The guarantee of restitution also applies to juvenile delinquency cases. (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 304-305.)

When a crime victim makes prima facie showing of entitlement to restitution, the burden of proof shifts to the defendant to disprove the amount of loss claimed by the victim. (*People v. Superior Court* (*Lauren M.*) (2011) 196 Cal.App.4th 1221, 1226.)

The decision to grant or deny is one vested in the sound discretion of the trial court. The burden of proof is preponderance of the evidence and the court's decision will not be disturbed absent a clear showing of abuse. (*Luis M. v. Superior Court*, *supra*, 59 Cal.4th at p. 305; *People v. Fortune* (2005) 129 Cal.App.4th 790, 794.)

In *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1544, Division Two of this court addressed the quantum of detail required to support a victim's request for restitution. The court there found the victim's handwritten note detailing the losses, which had been incurred, to be sufficient. There the probation officer did not attempt to verify the amount of each loss. (*Id.* at

5

pp. 1541-1542.) The court rejected various court of appeal decisions requiring more extensive detail from crime victims requesting restitution. (See *People v. Foster* (1993) 14 Cal.App.4th 939, 946-947.)

C. Analysis

The victim claims for small amounts of restitution were contained in sworn statements attached to the probation report. They identified the nature and amount of the losses for relatively small amounts of money. The trial court believed the statements, except for "employment wages" which the court struck from the requests. The defense did not offer any rebuttal evidence but simply argued there should have been more detail, particularly the amounts of gasoline and dates of gasoline purchases. The defense also complained about the need for more detail in J.W.'s request for $160. Certainly, there could have been more detail, as is likely always the case.

However, here the court received testimony of minor amounts, which were tethered to the injuries and treatment requirements resulting from the Minor's unlawful behavior. The court carefully considered the requests and denied the one the court deemed unjustified. On this record, we cannot say the court abused its discretion or that there was not sufficient evidence to support the court's decision.

## DISPOSITION

The Disposition and Restitution orders are affirmed.  The matter is remanded to the juvenile court to determine whether the assault count is a felony or a misdemeanor and state the finding on the record.


HUFFMAN, J.

WE CONCUR:



BENKE, Acting P. J.



GUERRERO, J.