Filed 11/25/20  In re S.S. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B302415 (Super. Ct. No. NJ28974) (Los Angeles County) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.S., <br><br> Defendant and Appellant. | |

S.S. appeals from restitution orders in the disposition of his juvenile delinquency case after he pled no contest to two counts of vehicular manslaughter in the operation of a vessel without gross negligence.  (Welf. & Inst. Code, § 602; Pen. Code, § 192.5, subd. (d).)  He was placed on probation and ordered to pay restitution to the parents of the victims.  S.S. contends the juvenile court:  (1) abused its discretion by failing to consider

whether expenses for psychological treatment should be offset by the civil settlement arising from the incident, and by instead ordering restitution for these expenses, and (2) erred in awarding restitution for expenses incurred by a victim's parents to attend court proceedings. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

S.S. was 16 years old when he piloted a 16-foot outboard motor skiff at an unsafe speed toward Avalon Harbor at about 1:00 a.m. one morning. About a quarter mile out he failed to yield the right of way and struck a 15-foot boat carrying five people. Neither boat was illuminated with the required navigation lights. The occupants of the other boat were thrown into the water. Michael Harris and Tyler Hayden were killed and the other passengers were injured. Hayden's body was never found.

S.S. pled no contest to two misdemeanor counts of vehicular manslaughter. The trial court dismissed two felony counts of hit and run while operating a vessel resulting in death or disappearance of another person. (Harb. & Nav. Code, § 656.3.) He was placed on probation with various terms and conditions including 200 hours of community service and credit for one day in custody.

Janet and Peter Harris (the Harrises) filed a wrongful death lawsuit against S.S. in state court. They also filed an answer and claim in a federal admiralty action in which they alleged wrongful death and survivorship. The state lawsuit and federal claim allege that the Harrises suffered economic damages resulting from their son's death, including but not limited to loss of financial support and benefits their son would have contributed, and non-economic damages, including but not limited to loss of love and companionship and the value of household services he would have provided. The suits sought

general and special damages and funeral and burial expenses.

S.S., his parents, their insurance carrier, and the Harrises entered a Stipulation re Settlement in which the carrier agreed to pay the Harrises $1.5 million "in full settlement of all claims." It further provided: "[C]laimants shall have the responsibility for all medical expenses and liens and the defendants and their insurers will have no liability therefore [sic]. . . . [¶] [T]he pending Restitution case against [S.S.] may continue. . . . [¶] The Plaintiffs agree to accept said sums as payment in full of all (their) claims, known or unknown, arising from the events described in the complaint with the knowledge that (he/she/they) will be barred from proceeding against the Defendant(s) in the future regardless of what might happen."

The Harrises also signed a Release of All Claims. It released S.S. from all claims, demands, expenses and compensation, including all claims sought or recoverable in the lawsuits, "claims for emotional distress," and "past and future medical expenses." It provided that they intended the release "shall be effective as a bar against any party or potential party, to each and every claim, demand or cause of action hereby released, whether known or unknown, related in any manner to the incident." It further provided, "Nothing set forth herein shall prevent the restitution action involving [S.S.] from proceeding and RELEASORS and RELEASEES reserve all rights permitted by law in relation to said proceeding, including without limitation, the right to claim or contest any available credits or set offs for the settlement payments in any related criminal restitution proceeding."

At the restitution hearing, Janet Harris submitted documentation for expenses to attend hearings in the case. She testified that the expenses for travel and lodging were for court appearances the court requested they attend. The Harrises came

3

to court because they had been told there would be a trial, and were "caught off guard" when they learned there had been a plea bargain. She referred to "medical costs" but later referred to those costs as being for "psychological treatment." The documentation shows the expenses were for "mental health/counseling."

The court ordered S.S. to pay restitution for "psychological treatment," but later referred to it in oral and written restitution orders as "medical expenses." S.S. was ordered to pay Peter Harris $20,649.50 and Janet Harris $118,035.77. The court also ordered restitution of $7,393.33 for travel expenses and lodging to attend the court proceedings.

The court determined that $17,657.33 for the funeral, costs of burial, the obituary, and transportation of the body to the coroner were legitimate expenses, but offset those amounts against the civil settlement.[1]

DISCUSSION

S.S. contends the juvenile court erred when it did not offset the costs of psychological treatment against the civil settlement, and when it awarded restitution for the costs the Harrises incurred to attend court proceedings. We disagree with both contentions.

The California Constitution provides that "all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) The juvenile court is required to order that minors pay restitution to their victims. (Welf. & Inst. Code,

---

[1] The court also ordered S.S. to pay $7,297.95 to Tyler Hayden's parents for travel and lodging expenses, and $708.39 for medical expenses to a surviving passenger.

4

§ 730.6, subd. (a)(2)(B).)  "[A] 'victim' is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act.  The term 'victim' also includes the person's . . . parents." (Cal. Const., art. I, § 28, subd. (e); Welf. & Inst. Code, § 730.6, subds. (j)(1), (j)(4)(A).)

"In proceedings involving minors, the juvenile court is vested with discretion to order restitution consistent with the goals of the juvenile justice system." (*In re Alexander A.* (2011) 192 Cal.App.4th 847, 853.)  "'[T]he court may use any rational method of fixing the amount of restitution, provided it is reasonably calculated to make the victim whole, and provided it is consistent with the purpose of rehabilitation.'" (*Ibid*.)  We review a restitution order for abuse of discretion.  (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305.)

*Psychological treatment*

A juvenile restitution order that includes the cost of mental health services for the parents of the direct victim is proper.  (*In re Scott H.* (2013) 221 Cal.App.4th 515, 521-522; *In re M.W.* (2008) 169 Cal.App.4th 1, 6.)

"A civil judgment does not satisfy the state's interest in restitution, which is to rehabilitate the offender and deter further criminal activity." (*In re Alexander A.*, *supra*, 192 Cal.App.4th at p. 856.)  However, "settlement payments made to [the victim] by [the defendant's] insurance carrier must be an offset to [defendant's] restitution obligation to the extent that those payments are for items of loss included in the restitution order." (*People v. Bernal* (2002) 101 Cal.App.4th 155, 168; *People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1137.)

Nothing in the record supports S.S.'s claim that the juvenile court failed to exercise its discretion to consider an offset for the civil settlement.  Because the record does not show that

5

the trial court misunderstood the scope of its discretion, we presume it was aware of the applicable law and exercised its discretion. (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1178-1179; *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) Here, the court was aware of the civil settlement and applied it to offset the costs of funeral and burial expenses.

A party seeking an offset to a restitution order based on a civil settlement has the burden of proving each fact on which their claim is based. (*People v. Vasquez, supra*, 190 Cal.App.4th at p. 1137.) S.S. generally requested that the court "consider whether some portion of the restitution request should be offset by the civil settlement," but did not argue or show that the settlement covered psychological expenses.

The settlement documents are not clear whether they included the costs of psychological treatment. The Stipulation re Settlement provided that it was in "full settlement of all claims." The wrongful death and admiralty claims explicitly sought funeral and burial expenses, but neither of these claims, nor the settlement documents, mention psychological treatment. The release specifically included claims for "past and future medical expenses," but the Stipulation re Settlement stated that "claimants shall have the responsibility for all medical expenses."

The settlement documents could be interpreted to mean that medical expenses were not included in the settlement, or that the insurer had no ongoing responsibility for future medical expenses. The documents explicitly allowed the restitution hearing to proceed, but reserved the parties' "right to claim or contest any available credits or set offs for the settlement payments." Based on the ambiguity of the civil case documents, and the references in the juvenile proceeding to both "psychological treatment" and "medical expenses," we conclude the juvenile court properly acted within its discretion when it

6

determined that the Harrises' expenses for psychological treatment should be paid without an offset.

*Travel expenses and lodging*

The California Constitution secures the right of crime victims to attend all delinquency proceedings. (Cal. Const., art. I, § 28, subd. (b)(7).) "[I]f the victim is no longer living, two members of the victim's immediate family or however many more the court may allow under the particular circumstances surrounding the proceeding" may attend. (Welf. & Inst. Code, § 676.5, subd. (c)(3).) Victims also have the right to be heard at any delinquency proceeding "in which a right of the victim is at issue." (Cal. Const., art. I, § 28, subd. (b)(8).)

The juvenile court must order restitution in an "amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602." (Welf. & Inst. Code, § 730.6, subd. (h)(1).) Quoting the corresponding language for criminal cases, S.S. contends that it is only "speculation" that the expenses to attend the hearings were "economic loss incurred as the result of the defendant's criminal conduct." (Pen. Code, § 1202.4, subd. (f)(3).) We do not agree. The juvenile court here properly exercised its discretion when it awarded restitution for the Harrises' expenses to exercise their constitutional right to attend hearings in this case.

"It is entirely reasonable that the parents of a murder victim will attend the murder trial in an attempt to gain some measure of closure and a sense that justice has been done." (*People v. Crisler* (2008) 165 Cal.App.4th 1503, 1509.) In *Crisler*, the trial court awarded restitution of over $9,500 for parking and mileage expenses and for lost wages incurred by for the victim's parents to attend a 15-day trial. (*Id*. at pp. 1506, fn. 3, 1508.)

7

The same considerations apply here.

Nor must restitution be denied because the case was resolved without a trial. In *People v. Moore* (2009) 177 Cal.App.4th 1229, the court awarded restitution to a burglary victim for expenses to attend "pretrial and trial proceedings" on "'every single court date, regardless of what was scheduled to occur.'" (*Id*. at p. 1233.) Although Janet Harris testified that the court requested their attendance, a court request was not necessary. "That the victim's attendance was not mandated by statute, that he was not required to address the court at those hearings, and that he chose to attend the proceedings of his own volition, do not relieve defendant from the responsibility to compensate him for the loss attributable to defendant's criminal conduct." (*Ibid*.) Here, the expenses included the costs of attending the hearing at which S.S. pled no contest, the hearing at which victim impact statements were made, and the dispositional hearing.

S.S. contends that expenses for a hearing on March 30, 2017, were improper because the record does not reflect a court appearance on that date. But the trial court could reasonably interpret the documentation as showing payment on March 30 for costs to attend the hearing on April 5, 2017. The Harrises made a prima facie showing of this expense, and S.S. did not meet his burden to disprove it. (*People v. Superior Court (Lauren M.)* (2011) 196 Cal.App.4th 1221, 1226.)

S.S. challenges restitution for the Harrises' attendance at the restitution hearing after the prosecution called them as witnesses, because it was "solely for the Harrises' financial benefit." Victims "have the right to seek and secure restitution." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) The juvenile court may order restitution for "costs that a victim incurred to collect restitution." (*In re Imran Q.* (2008) 158

8

Cal.App.4th 1316, 1320 [attorney's fees and costs to obtain settlement and collect restitution].) The costs of travel and lodging for that hearing were clearly associated with their efforts to obtain restitution and were thus properly included in the restitution order.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


YEGAN, Acting P. J.


PERREN, J.

John H. Ing, Judge

Superior Court County of Los Angeles

_____

        Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

        Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.