Filed 11/19/24  P. v. Mendez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> JUAN CARLOS SANCHEZ MENDEZ, <br><br>     Defendant and Appellant. | B332055 <br><br> (Los Angeles County <br> Super. Ct. No. GA112269-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Darrell S. Mavis, Judge.  Affirmed.

Ashwini Mate, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chung L. Mar and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant Juan Carlos Sanchez Mendez appeals from the trial court's $2,114.85 restitution award which consisted of $920 for stolen cash and $1,194.85 for replacement of a broken cell phone.  He contends the court's restitution valuation for the broken cell phone was error and the court improperly shifted the burden of proof to him to establish the correct restitution valuation.  We affirm.

# II.    BACKGROUND

Defendant pleaded no contest to misdemeanor battery. (Pen. Code, § 242.)  The trial court placed defendant on summary probation for one year on various terms and conditions, including the condition that he pay restitution to the victim, Jose Cruz, in an amount to be determined at a hearing.

Cruz apparently submitted a Victim Restitution Request for $2,420, consisting of $1,000 for stolen cash and $1,420 for replacement of his damaged cell phone.

At the first of three restitution hearings, Cruz testified that in December 2021 he purchased an iPhone 13 Pro Max cell phone for around $1,300.  On April 14, 2022, Cruz was assaulted. During the assault, $920 was taken from his wallet and his cell phone was broken.

Cruz went to an Apple Store in Pasadena to have his cell phone repaired.  He was told the cell phone could not be repaired, but he could get a credit for the cell phone's value against the price of a new cell phone if he had a receipt.  He "guess[ed]" that

2

with the credit he would have paid around $700 for a new cell phone.

On May 5, 2022, Cruz purchased a new iPhone 13 Pro Max from a store in East Los Angeles for $1,420. He provided a handwritten receipt for his purchase.

After Cruz testified, the trial court continued the hearing to allow defense counsel to subpoena the officers who responded to Cruz's assault.

At the second restitution hearing, the parties[1] entered into the following stipulations:

1. "Cruz's phone was operable when the police arrived and while they spoke to him."

2. "While the phone was operable, . . . Cruz pointed out to the first responding officers that his screen was broken."

3. "The iPhone Pro Max 13 . . . was sold by authorized retailers of Apple products for $1,099 plus tax from September, 2021 until September, 2022. Apple and its authorized retailers never raise or lower the price of a phone except when the model is discontinued by virtue of a new phone being released."

4. "Per the official Apple.com website, the cost for the screen repair of an iPhone 13 Pro Max without insurance or Apple Care is $329 plus tax."

5. Fabiola Padilla . . . from Imperio . . . Wireless, which is the name of the business on the receipt provided by . . . Cruz, indicated the cost for repair of a cracked screen at that store is estimated to be $350."

---

[1] Daniel Ramirez, defendant's codefendant, also participated in the restitution hearing.

6. "No receipt is required to trade in an iPhone at the Apple Store, nor to repair the screen."

7. "No appointment is required to purchase a new phone at an Apple Store."

No additional evidence was presented at the hearing, and the trial court continued the matter so that Ramirez's counsel—rather than stand-in counsel—could be present.

At the final restitution hearing, defense counsel argued that Cruz testified he was told at the Apple Store that if he traded in his broken cell phone he would receive a $700 credit toward the purchase of a new cell phone. Defense counsel also argued that because Cruz retained the broken cell phone, the value of that cell phone should be offset against the purchase price of a new cell phone or an award of the cost to repair the broken cell phone. The prosecutor agreed that Cruz was not entitled to a windfall, but argued that the stipulations did not address the value of Cruz's broken cell phone and there was no evidence that Cruz retained his broken cell phone.

The trial court asked defense counsel how she arrived at the $700 valuation for Cruz's broken cell phone. The court's question apparently caused defense counsel to realize she misperceived Cruz's testimony—he testified that by trading in his broken phone he guessed he would pay $700 for a new phone, not that the value of the trade-in would be $700—and revised defendant's requested offset from $700 to $399 ($1,099 retail cost minus $700 purchase price).

The trial court responded that Cruz's testimony did not establish that the broken cell phone was worth $700 and doubted that a used and broken phone would have that value. It stated

4

that if defendant wanted an offset, he would have to provide supporting evidence which the court did not have.

Defense counsel argued defendant had proved the amount Cruz asked for was inaccurate and needed to be reduced and thus had shifted the burden to the prosecution to establish the broken cell phone's value. The trial court disagreed. It found that Cruz proved he was entitled to the repair or replacement cost of his broken phone and no one had proved the value of the broken phone for purposes of an offset. Accordingly, the court awarded Cruz $1,194.85 ($1,099 plus tax) and $920 for the cash taken from Cruz's wallet.

Defense counsel asked the trial court to continue the matter so she could subpoena an Apple Store employee, apparently to try to establish the broken cell phone's value. The court declined, stating that the matter had already taken too much time, both sides had rested, and the matter had been argued and submitted.

## III.   DISCUSSION

### A.   *Standard of Review*

"'The standard of review of a restitution order is abuse of discretion. "A victim's restitution right is to be broadly and liberally construed." [Citation.] '"When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court."' [Citations.]' [Citation.]" (*People v. Moore* (2009) 177 Cal.App.4th 1229, 1231.) We review a trial court's factual

findings in support of a restitution award for substantial evidence.  (*People v. Trout-Lacy* (2019) 43 Cal.App.5th 369, 373.)

B.    *Legal Principles*

The purpose of a restitution order is to make the victim whole for his or her loss, not to give the victim a windfall.  (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)  The standard of proof at a restitution hearing is preponderance of the evidence.  (*People v. Trout-Lacy, supra*, 43 Cal.App.5th at p. 373.)  "The burden is on the party seeking restitution to provide an adequate factual basis for the claim."  (*People v. Giordano* (2007) 42 Cal.4th 644, 664.)  "At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss.  [Citations.]  'Once the victim has [i.e., the People have] made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim.  [Citations.]' [Citation.]"  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

Penal Code section 1202.4, subdivision (f)(3)(A) provides, in relevant part, "To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following:  [¶]  Full or partial payment for the value of stolen or damaged property.  The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible."

6

C.    *Analysis*

   1.    The Trial Court's Valuation of the Broken Cell Phone

Defendant contends trial court's failure to offset its restitution award by the value of Cruz's broken cell phone resulted in an impermissible windfall for Cruz.  The court did not err.

The prosecution presented a prima facie case that Cruz suffered an economic loss due to defendant's criminal conduct. Cruz testified that his cell phone was broken during defendant's assault and that he spent $1,420 to replace it.  Subsequently, the parties stipulated that the retail price of Cruz's cell phone was $1,099 plus tax.  That stipulation established a prima facie case for restitution concerning Cruz's cell phone—that is, a prima facie case for the cell phone's value.  Defendant failed to rebut that prima facie case—that is, he failed to show he was entitled to a $399 offset for the value of Cruz's broken cell phone.  Cruz's testimony that he "guess[ed]" he could have purchased a new cell phone for $700 if he traded in his broken phone was insufficient evidence to establish the broken cell phone's value.  Defendant presented no other evidence of the broken cell phone's value. Accordingly, the trial court did not abuse its discretion in denying defendant's request to offset its restitution award for Cruz's broken cell phone by $399.

2.     Burden of Proof

Defendant contends the trial court abused its discretion by shifting to him the burden "to prove that restitution should be a different amount." The court properly assigned the burdens of proof.

Defendant argues that because he rebutted Cruz's original claim for $2,420, the burden shifted to the prosecution to prove the broken cell phone's value. Defendant rebutted Cruz's claim that defendant stole $1,000 in cash from Cruz's wallet. That rebuttal did not concern the value of Cruz's broken cell phone. Defendant did not rebut Cruz's claim, supported by a receipt, that he purchased a replacement iPhone 13 Pro Max for $1,420. Instead, the parties stipulated that the retail price of such a cell phone was $1,099 plus tax. As we held above, that stipulation established a prima facie case for restitution concerning Cruz's cell phone which defendant did not rebut. Accordingly, defendant's claim that he was entitled to an offset for the value of the broken cell phone remained a part of his burden "to demonstrate that the amount of the loss is other than that claimed by the victim." (*People v. Millard, supra,* 175 Cal.App.4th at p. 26)

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

DAVIS, J.*

---

*    Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9