Filed 1/6/26  In re L.S. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re L.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>L.S.,<br><br>    Defendant and Appellant. | G064649<br><br>(Super. Ct. No. 24DL0401)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Isabel Apkarian, Judge. Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A.

Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

In this Welfare and Institutions Code section 602[1] case, defendant L.S. requests this court to reduce the amount of restitution she was ordered to pay from $2,200 to $1,600. She contends the juvenile court abused its discretion by setting the higher amount due to a lack of evidence. We conclude that although the evidence could have been viewed in more than one way by the court, its decision to credit the pertinent testimony was not an abuse of discretion. We therefore affirm the restitution order.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In May 2024, pursuant to a negotiated agreement, L.S. admitted one count of battery. (Pen. Code, § 242.) The factual basis for the agreement stated she "willfully and unlawfully used force/violence upon the person of Destiny L." The court declared L.S. to be a nonward and ordered her to complete various terms and conditions of probation, including the payment of restitution. The court also ordered L.S. to complete 10 hours of community service.

A contested restitution hearing was held in September 2024. The court ordered L.S. to pay $2,200 to the victim's grandmother, Francisca F. (Francisca). L.S. filed a notice of appeal.

---

[1] Subsequent statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

## DISCUSSION

## I.

### REQUEST FOR JUDICIAL NOTICE

L.S. requests we take judicial notice of an ordinary calendar for January 2024. The unopposed request is granted. (Evid. Code, §§ 452, subd. (g), 459, subd. (a).)

## II.

### RESTITUTION AMOUNT

*A. Relevant Facts*

The restitution packet prepared prior to this case requested $2,200. This amount reflected a total of 11 days of lost wages for Francisca comprised of three days of court attendance and eight days of staying home with Destiny L. after the assault at $200 per day, the amount Francisca earned while working.

*B. Statutory Framework and Standard of Review*

Section 730.6 provides the statutory mechanism for awarding restitution in juvenile cases, similar to the adult provision set forth in Penal Code section 1202.4. (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305.) "A restitution order . . . shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct . . . ." (§ 730.6, subd. (b)(1).) Among other things, a minor victim's guardians may be compensated for wages lost due to caring for an injured victim. (§ 730.6, subd. (b)(1)(D).) Wages lost for time attending court are also compensable. (*People v. Moore* (2009) 177 Cal.App.4th 1229, 1231–1233.)

We review the amount of a restitution order for abuse of discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) No abuse of

discretion exits if "there is a rational and factual basis for the amount of restitution ordered. "'[T]he standard of proof at a restitution hearing is by a preponderance of the evidence, not proof beyond a reasonable doubt.'"" (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.) "'There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action.'" (*Millard,* at pp. 26–27.) A victim's right to restitution ""'is to be broadly and liberally construed.'"" (*People v. Moore, supra,* 177 Cal.App.4th at p. 1231.)

1. Work Days Missed for Court

At the restitution hearing and in the documentation submitted, Francisca stated she had missed three days of work for court appearances, on March 19, April 16, and May 29. She also testified she was present on all three days.

L.S. argues that because the minutes and reporter's transcript for May 29 did not indicate Francisca was present, "the falsity of her testimony is apparent." This is not necessarily true. She could have stepped out of the courtroom at the time the clerk and reporter took note of who was present, or there could be an alternate explanation. But the lack of her name in the minutes or transcript is not conclusive proof she was not present. Further, Francisca testified at the restitution hearing on September 6, which was presumably another day of missed work. Either way, the court was within its discretion to determine that $600 was the proper amount of restitution for missed work.

2. Work Days Missed for Caregiving

L.S. contends Francisca was not entitled to restitution for eight days of missed work. Francisca testified she regularly worked four days a week, Tuesday through Friday. She testified she did *not* miss work on the day of the incident, a Wednesday, January 17, 2024. The victim returned to school on January 29, 2024, and Francisca cared for her while she was out of school. L.S. argues that only six of the days the victim was out of school were Francisca's regular workdays. Francisca testified that she missed eight days of work, however, and the restitution packet she submitted reflects the same number of days.

The court was entitled to credit Francisca's testimony, and while a reasonable trier of fact could have made a different finding, there was no abuse of discretion in the court's decision to find Francisca's written documentation and testimony credible.

DISPOSITION

The restitution order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

DELANEY, J.

GOODING, J.

5