Filed 2/13/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARLOWE WILLIAM HENDERSON, JR.,<br><br>        Defendant and Appellant. | C083153<br><br>(Super. Ct. No. 62144154) |

APPEAL from a judgment of the Superior Court of Placer County, Michael W. Jones, Judge. Affirmed.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Michael A. Canzoneri, Deputy Attorney General, for Plaintiff and Respondent.

1

Defendant Marlowe William Henderson, Jr., pleaded no contest to charges of stalking, vandalism, and disobeying a court order. At issue here is the validity of the trial court's resulting restitution order, which encompassed the victims' expenses for purchase and installation of a home security system.

## BACKGROUND

In July 2016, defendant pleaded no contest to charges of stalking Christina T. between January 14, 2016, and February 23, 2016 (Pen. Code, § 646.9, subd. (a)),[1] felony vandalism of Elizabeth T.'s home (§ 594, subd. (a)), and disobeying a domestic relations order (§ 273.6, subd. (a)). The victims were mother and daughter. The issue of restitution was considered at the sentencing hearing, held in September 2016. The victims' losses totaled $17,639.68, including $5,796.79 to install a residential security system. The system included a monitored alarm system in the house with four cameras, installed on or about January 27, 2016. Two more cameras were installed in March 2016, along with motion detectors and security lights. Insurance paid $9,642.66 toward repair of the house and car but paid nothing toward the security system.

At the restitution hearing, defendant argued he could not be ordered to pay restitution for the victims' security system expenses because he was not convicted of a violent felony as required by section 1202.4, subdivision (f)(3)(J). Defendant alternatively argued the security system was "redundant" and "excessive." The trial court opined that the order sought was "well within its discretion" but failed to articulate any analysis of the relevant statutory scheme. The court ordered defendant to pay $7,997.02 in restitution including $5,796.79 for installation of the system.[2]

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The trial court sentenced defendant to two years eight months in state prison. He timely appealed the judgment.

2

## DISCUSSION

Defendant contends that section 1202.4, subdivision (f)(3)(J) limits restitution for residential security systems to defendants convicted of violent felonies. As it is undisputed that he was not convicted of a violent felony, he argues the trial court erred when it included the security system costs within the restitution order. Defendant's argument is purely statutory; under these circumstances, where "the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal." (*People v. Williams* (2010) 184 Cal.App.4th 142, 146.)

We conclude section 1202.4, subdivision (f)(3)(J) does not limit discretionary restitution for residential security systems to defendants convicted of a violent felony, thus the restitution order in this case was generally authorized under section 1202.4, subdivision (f).

Subdivision (f) of section 1202.4 provides, with certain exceptions not applicable here, that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."

Subdivision (f)(3) of section 1202.4 explains:

"To the extent possible, the restitution order . . . shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following:

"[¶] . . . [¶]

"(J) Expenses to install or increase residential security incurred related to a violent felony, as defined in subdivision (c) of Section 667.5, including, but not limited to, a home security device or system, or replacing or increasing the number of locks."

3

Defendant confines himself to a narrow argument on appeal; he does *not* contend that the court's restitution order was not supported by sufficient evidence. Nor does he argue that the security system does not qualify as an "economic loss" within the meaning of the statute, nor that the order constituted a general abuse of discretion.

Instead, defendant argues only that--presumably because section 1202.4, subdivision (f)(3)(J) *requires* the trial court to order restitution for residential security where the crime of conviction is a violent felony as defined by statute--the court is *precluded* from ordering restitution for residential security in the absence of a violent felony. We disagree that the requirement of restitution in one situation operates to preclude restitution in the other.

Section 1202.4, subdivision (f)(3) expressly states that the enumerated list, including subparagraph (J), is a *nonexclusive* list of examples. As we have set forth, the statute requires that the restitution order "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for *every* determined economic loss incurred as the result of the defendant's criminal conduct, *including, but not limited to*, all of the following [including subparagraph (J)] . . . ." (§ 1202.4, subd. (f)(3), italics added.)

" ' "A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms." ' " (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1046.)

The plain language of section 1202.4, subdivision (f)(3)(J) requires that where a defendant is convicted of a violent felony, the trial court *shall* include in the restitution award expenses reasonably incurred by a victim in installing a residential security system. (§ 1202.4, subd. (f)(3)(J).) The statute does not purport to *preclude* restitution for such installation under other circumstances; in fact, it says nothing about any

4

restriction on restitution whatsoever. Where the mandatory language does not apply--as in this case, because defendant's crimes of conviction were not classified by the relevant statute as violent felonies--the direction to the trial court remains as set forth in the introductory language of section 1202.4, subdivision (f)(3), *ante*, that is, to include in its restitution order "*every* determined economic loss incurred as the result of the defendant's criminal conduct, *including, but not limited to*, all of the following . . . ." (Italics added.)

As we have previously held, "[b]ecause the statute uses the language 'including, but not limited to' these enumerated losses, a trial court may compensate a victim for any economic loss which is proved to be the direct result of the defendant's criminal behavior, even if not specifically enumerated in the statute." (*People v. Keichler*, *supra*, 129 Cal.App.4th at p. 1046.) Thus, where a victim incurs the economic loss of installing a security system as a direct result of a defendant's conduct, the trial court may include that amount in a victim restitution award regardless of the crime of conviction.

Defendant's argument to the contrary relies primarily on *People v. Salas* (2017) 9 Cal.App.5th 736 (*Salas*). Although that case is distinguishable, as we explain *post*, to the extent that the broad language employed in *Salas* suggests that restitution is precluded in a case such as this, we must disagree with the *Salas* court.

In *Salas*, the defendant was convicted of a domestic violence offense--not a violent felony as described by the relevant statute--but the trial court found that because the defendant's conduct caused great bodily injury to the victim, the court was "nonetheless authorized to order restitution for residential security expenses" pursuant to section 1202.4, subdivision (f)(3)(J). (*Salas*, *supra*, 9 Cal.App.5th at p. 740.) The actual holding in *Salas* was expressed by the Fourth Appellate District, Division One as a conclusion that "the trial court erred by treating Salas's offense as a violent felony for purposes of awarding restitution." (*Id.* at p. 741.) That error did not occur here; the trial court here did not erroneously classify defendant's crimes of conviction as violent

5

felonies under section 1202.4, subdivision (f)(3)(J). Instead, the trial court concluded, albeit implicitly, that section 1202.4, subdivision (f)(3)(J) did not *preclude* it from ordering restitution in cases *not* involving violent felonies by opining that it maintained the discretion to order restitution for the alarm system (and subsequently ordering the disputed restitution).

The *Salas* court explained that "[t]he statute's plain language and legislative history," along with select canons of statutory construction, support the conclusion that "residential security expenses are recoverable under section 1202.4(f)(3)(J) only when they are 'incurred related to a violent felony, as defined in section 667.5, subdivision (c).' " (*Salas*, *supra*, 9 Cal.App.5th at p. 744.) We do not disagree that *under section 1202.4, subdivision (f)(3)(J)* restitution is only mandated where the expenses are related to violent felonies. Here, there is no dispute that defendant's offenses do not qualify as violent felonies, thus the restitution order here would *not* properly fall under subdivision (f)(3)(J). In that regard, this case is distinguishable from *Salas*. *Salas* does not decide whether the restitution order was permissible as an exercise of the trial court's discretion under the broader language of that portion of subdivision (f)(3) quoted *ante*.[3]

Moreover, to interpret the disputed provision as *limiting* restitution for home security systems to victims of violent felonies would require us to read the words "including, but not limited to" out of section 1202.4, subdivision (f)(3). In the context of statutory interpretation, our Supreme Court has recently reemphasized that " 'construction making some words surplusage is to be avoided.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 357.) Our interpretation of section 1202.4, subdivision (f)(3)(J)

_____

[3] To the extent that *Salas* contains broad language such as "the Legislature intended that residential security expenses remain recoverable via restitution only when they are incurred related to a 'violent felony' " (*Salas, supra,* 9 Cal.App.5th at p. 742), we cannot agree for the reasons stated.

does not read any language *out* of the statute.  On the contrary, subdivision (f)(3)(J) remains intact and means what it says--that restitution for home security systems is mandatory in certain cases.  That specific subdivision simply does not operate to bar discretionary restitution orders for home security systems where such orders may be otherwise appropriate.

Thus, the trial court's order here was not precluded or otherwise made erroneous by section 1202.4, subdivision (f)(3)(J).

## DISPOSITION

The judgment is affirmed.

_____/s/_____
Duarte, J.

We concur:

_____/s/_____
Blease, Acting P. J.

_____/s/_____
Hull, J.