Filed 1/9/23 P. v. Renslow CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C094536 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FE-2021-0001735) |
| v. | |
| RICKEY LEE RENSLOW, | |
| Defendant and Appellant. | |

Defendant Rickey Lee Renslow disputes the trial court's imposition of victim restitution and mandatory fees, and contends his trial counsel performed ineffectively at his sentencing hearing by failing to object to these errors and failing to move to strike defendant's prior serious felony conviction. We conclude defendant has failed to demonstrate error or that his trial counsel performed ineffectively. We will modify the judgment to vacate an eliminated fee and otherwise affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of driving a stolen vehicle (Veh. Code, § 10851, subd. (a)) and possession of burglary tools (Pen. Code, § 466). Defendant admitted prior convictions for taking a vehicle without the owner's consent (Veh. Code, § 10851) and first degree burglary (Pen. Code, §§ 459, 460, subd. (a)).

The trial court indicated its intent to impose the middle term of three years in state prison for driving a stolen vehicle, elevated from two years based on defendant's prior conviction for taking a vehicle (Veh. Code, § 10851, subd. (e); Pen. Code, § 666.5).[1] As justification for selecting the middle term, the trial court considered five aggravating factors: (1) defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences were being imposed (Cal. Rules of Court, rule 4.421(a)(7));[2] (2) the crime involved taking an item of great monetary value (rule 4.421(a)(9)); (3) defendant had numerous prior convictions (rule 4.421(b)(2)); (4) defendant had served a prior prison term (rule 4.421(b)(3)); and (5) defendant was on probation when he committed the crime (rule 4.421(b)(4)). The court found no mitigating factors.

Defendant's counsel asked the court to impose the two-year lower term, arguing the car's value had already been diminished by the time it came into defendant's possession and that defendant cooperated with the police upon his arrest. The court rejected this request, explaining that a very important factor in selecting the middle term was that defendant was already on probation for car theft when he committed the current crime. Accordingly, the trial court sentenced defendant to the elevated middle term of

---

[1] Undesignated statutory references are to the Penal Code.

[2] Undesignated rule references are to the California Rules of Court.

three years in state prison, doubled to six years due to defendant's prior serious felony conviction for first degree burglary (§ 1192.7, subd. (c)(18)).

The court then considered the car owner's request for $9,568 in restitution. Defendant's counsel reviewed the packet of evidence accompanying the restitution request, discussed the request with defendant, and informed the court that defendant would not ask for a hearing on the amount of restitution. Consequently, the court ordered defendant to pay $9,568 in restitution to the car owner.

The trial court also imposed mandatory fines and fees: a $300 restitution fine (§ 1202.4, subd. (b)), a stayed $300 parole/postrelease community supervision revocation restitution fine (§ 1202.45), two $40 court operations assessments (§ 1465.8), two $30 conviction assessments (Gov. Code, § 70373), and a $30 surcharge for collection costs (former § 1202.4, subd. (*l*)). Defendant did not object to these fines and fees or request a hearing on his ability to pay them.

## DISCUSSION

Defendant argues the trial court imposed improper amounts as victim restitution and improperly imposed mandatory fines and fees. Defendant also argues his trial counsel was ineffective for failing to object to these errors, and in failing to request that the trial court strike defendant's prior serious felony conviction. Defendant did not object to any of these alleged errors in the trial court, which would typically result in defendant forfeiting the contentions on appeal. (See *People v. Wall* (2017) 3 Cal.5th 1048, 1074-1075.) Recognizing this, defendant contends that his trial counsel rendered ineffective assistance by failing to object to each error.

" '[A] defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent.' " (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.) But "a defendant cannot automatically transform a forfeited claim into a cognizable one merely by asserting ineffective assistance of

3

counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 121, fn. 14; see *People v. Riel* (2000) 22 Cal.4th 1153, 1202-1203.) Rather, "[t]o establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-696.)

"[R]arely will an appellate record establish ineffective assistance of counsel." (*People v. Thompson, supra*, 49 Cal.4th at p. 122.) " 'When a defendant on appeal makes a claim that his counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of representation provided by counsel. "If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' [citation], the contention must be rejected." ' " (*People v. Samayoa, supra*, 15 Cal.4th at p. 845.) Defendant has failed to establish that his trial counsel performed ineffectively by failing to object to any of the three alleged errors.

*I*

*Victim Restitution*

The restitution request considered by the trial court itemized several expenses and contained estimates or receipts for each expense. Defendant contends his trial counsel should have objected to two portions of the $9,568 restitution award to the car owner: $1,273 for paint and $114.38 for a security camera. We disagree.

A.    *Paint*

Two documents supporting the restitution request refer to paint for the car: a Maaco estimate for $1,275-$2,125 to paint the whole car to match the current color and a

4

North State Autobody estimate to repair or replace significant portions of the car totaling $5,505.11, which includes $1,326 for "Paint Labor" and $670.80 for "Paint Supplies." The North State Autobody estimate indicates in several places that "Clear Coat" paint would be applied. Defendant's trial counsel consulted with him about this evidence immediately before telling the trial court that defendant would not challenge the restitution amount.

Defendant contends his trial counsel should have objected on the grounds that the $1,273 charge for "paint" in the restitution request was already accounted for in the North State Autobody $5,505.11 estimate total, which included amounts for "Paint Labor" and "Paint Supplies," and the $1,273 charge was therefore redundant. Neither party acknowledges the Maaco estimate, the lower limit of which nearly matches the $1,273 charge.

Defendant has failed to provide any evidence that the amounts are redundant because both Maaco and North State Autobody could have contributed to the repainting process. For example, Maaco could have provided the paint that North State Autobody then applied; North State Autobody could have painted the replacement parts, while Maaco painted the rest of the car; or Maaco could have applied colored paint, while North State Autobody applied a clear coat on top. Because the record does not demonstrate that Maaco did not contribute to repainting the damaged car, counsel could have reasonably determined that objection would have been futile, (see *People v. Bell* (2019) 7 Cal.5th 70, 127 [counsel not ineffective for failing to raise futile objections to evidence]), and we cannot say there "simply could be no satisfactory explanation" (*People v. Samayoa, supra*, 15 Cal.4th at p. 845) for not objecting to the restitution amount for car painting. This means we cannot conclude trial counsel's decision not to object fell below an objective standard of reasonableness under prevailing professional norms.

*B.    Security Camera*

The court also awarded $114.38 for the car owner's purchase of a security camera. Defendant contends that section 1202.4, subdivision (f)(3)(J), which requires trial courts to award "[e]xpenses to install or increase residential security . . . including, but not limited to, a home security device or system" related to a violent felony, implicitly prohibits trial courts from awarding such expenses related to any other type of offense. If the restitution award was unauthorized by statute, then defendant's trial counsel had no tactical reason for failing to object. The People concede this argument, but we decline to accept their concession because this court has previously rejected the premise of defendant's argument. (*People v. Henderson* (2018) 20 Cal.App.5th 467, 470.)

As we explained in *Henderson*, section 1202.4, subdivision (f)(3) requires that a restitution order " 'shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for *every* determined economic loss incurred as the result of the defendant's criminal conduct, *including, but not limited to*' " an enumerated list of potential losses. (*People v. Henderson, supra*, 20 Cal.App.5th at p. 471.) "Section 1202.4, subdivision (f)(3) expressly states that the enumerated list, including subparagraph (J), is a *nonexclusive* list of examples." (*Ibid.*) The mandatory language of section 1202.4, subdivision (f)(3)(J) does not apply in this case because defendant's offenses are not classified as violent felonies, but the provision "does not purport to *preclude* restitution for such installation under other circumstances; in fact, it says nothing about any restriction on restitution whatsoever." (*Henderson*, at p. 471.) "Thus, where a victim incurs the economic loss of installing a security system as a direct result of a defendant's conduct, the trial court may include that amount in a victim restitution award regardless of the crime of conviction." (*Id.* at p. 472.)

Given our interpretation in *Henderson*, defendant's trial counsel could have reasonably determined that arguing the restitution awarded for the security camera was not authorized by the statute would have been futile. Again, we cannot conclude this

6

decision not to object fell below an objective standard of reasonableness under prevailing professional norms.

## II

### *Prior Serious Felony Conviction*

Defendant next contends his trial counsel should have moved to strike his prior serious felony conviction. Had the trial court granted such a motion, defendant's sentence would not have doubled from three years in state prison to six. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 508.)

Rather than asking the trial court to strike the prior conviction and reduce defendant's sentence by three years, defendant's trial counsel asked the court to impose the lower term, which would have reduced defendant's sentence by two years. This suggests defendant's counsel made a tactical decision that the trial court would be more likely to agree to a two-year reduction rather than a three-year reduction. " 'Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' " (*People v. Weaver* (2001) 26 Cal.4th 876, 925.)

Given that the trial court had enumerated five aggravating circumstances and no mitigating circumstances, counsel's decision to seek a smaller reduction was reasonable, even though unsuccessful. (See *People v. Avena* (1996) 13 Cal.4th 394, 446 [competent counsel's strategies may be unsuccessful].) We also note the trial court declined to impose the lower term, suggesting the court would have been unlikely to agree to an even greater reduction in defendant's sentence. Because we conclude satisfactory reasons supported counsel's decision not to ask the trial court to strike defendant's prior serious felony conviction, we reject defendant's argument that his counsel performed ineffectively by foregoing such a motion.

*III*

*Mandatory Fines and Assessments*

Finally, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant contends that the trial court violated his rights by imposing mandatory fines and assessments without considering his ability to pay. Alternatively, defendant contends his trial counsel performed ineffectively by failing to object to the mandatory fines and assessments imposed at sentencing. We agree that defendant forfeited his *Dueñas* argument by failing to object in the trial court, and we reject defendant's ineffective assistance claim.

In *Dueñas*, the trial court held it violated a defendant's rights to impose court fees and assessments without a determination of the defendant's ability to pay, and execution of a restitution fine must be stayed until the trial court holds a hearing and concludes the defendant has the present ability to pay the fine. (*People v. Dueñas, supra*, 30 Cal.App.5th at pp. 1164, 1168, 1171, fn. 8.) Based on *Dueñas*, defendant argues the trial court violated his right to due process by imposing the $300 restitution fine, the $300 stayed parole revocation fine, and the two mandatory assessments—a total of $740—without determining whether he had the ability to pay them.

As defendant concedes, he forfeited his right to raise this issue on appeal because he did not object to the imposition of fines and assessments in the trial court, even though his sentencing hearing took place more than two years after the issuance of the *Dueñas* decision. "Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) This rule applies to alleged sentencing errors, including the imposition of fines and assessments. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856-861 [the defendant forfeited challenge to booking fee by failing to object in trial court]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [the defendant forfeited challenge to restitution fine by failing to object in trial court].) This rule had already been applied to the failure to raise a *Dueñas* argument in the trial court

8

by the time of defendant's sentencing hearing. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1052-1054 [*Dueñas* arguments forfeited by failure to raise in trial court]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153-1155 [same].) By failing to raise a *Dueñas* argument at his sentencing hearing, defendant forfeited the right to raise the issue on appeal.

Defendant argues in the alternative that the failure to raise a *Dueñas* claim in the trial court constituted ineffective assistance of counsel. Defendant points to nothing in the record showing why defense counsel chose not to object to the imposition of the fines and assessments and not to request a hearing on defendant's ability to pay them. The record does not affirmatively disclose that counsel had no tactical purpose for doing so. We reiterate, "it is inappropriate for an appellate court to speculate as to the existence or nonexistence of a tactical basis for a defense attorney's course of conduct when the record on appeal does not illuminate the basis for the attorney's challenged acts or omissions." (*People v. Wilson* (1992) 3 Cal.4th 926, 936; see also *People v. Mai* (2013) 57 Cal.4th 986, 1009 [when record does not demonstrate counsel had no satisfactory explanation for failing to object, ineffective assistance claim "more appropriately resolved in a habeas corpus proceeding"].) Thus, we reject this ineffective assistance claim as well.

*IV*

*Eliminated Fee*

The trial court imposed a $30 surcharge for county collection costs pursuant to former section 1202.4, subdivision (*l*). Effective January 1, 2022, the Legislature eliminated this fee by eliminating the authorizing provision and adding section 1465.9, subdivision (b), which makes the balance of this fee unenforceable and uncollectible and requires us to vacate the portion of the judgment imposing the fee. (Stats. 2021, ch. 257, §§ 19, 20, 35.) Although neither party raised this issue, we can vacate the fee because it "could not lawfully be imposed under any circumstance in [this] case" and "is 'clear and

9

correctable' independent of any factual issues presented by the record at sentencing."
(*People v. Scott* (1994) 9 Cal.4th 331, 354.) We will therefore vacate the fee and direct the trial court to amend the abstract of judgment accordingly.

## DISPOSITION

The judgment is modified to vacate the $30 surcharge for collection costs pursuant to former section 1202.4, subdivision (*l*). The matter is remanded to the trial court with directions to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


                                                                /s/
                                                        EARL, J.

We concur:


/s/
ROBIE, Acting P. J.


/s/
HOCH, J.[*]

_____

[*] Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10