Filed 11/4/24  P. v. Smith CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>TROY DEVIN SMITH,<br><br>         Defendant and Appellant. | A169430<br><br>(San Francisco Super. Ct. No. CRI-2257494)<br><br>ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered the opinion filed herein on October 23, 2024, be modified as follows:

1. On page 11, the second sentence under "Disposition" is replaced as follows:

> Upon issuance of the remittitur, the stay of enforcement of the victim restitution order which we issued on May 13, 2024, is lifted.

There is no change in the judgment.

Dated:  November 4, 2024                                                    BROWN, P.J.

1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>TROY DEVIN SMITH,<br><br>   Defendant and Appellant. | A169430<br><br>(San Francisco Super. Ct.<br>No. CRI-2257494) |

Troy Devin Smith appeals from his resentencing pursuant to Penal Code section 1172.1.[1]  Smith argues the superior court erred in imposing compensatory victim restitution in the amount of $4,475,000 and a four-year sentence enhancement pursuant to section 12022.6, subdivision (a)(4).  For the reasons given below, we will affirm.

### FACTS AND PROCEDURAL HISTORY

In 2006, Smith was convicted of four counts of second-degree robbery (§ 212.5, subd. (c)), four counts of false imprisonment (§ 236), two counts of second-degree burglary (§ 459), and one count of conspiracy to commit

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

robbery (§ 182, subd. (a)(1)).[2]  The jury found true allegations that the loss exceeded 2.5 million dollars (former § 12022.6, subd. (a)(4))[3] and a principal was armed with a firearm (§ 12022.1, subd. (a)(1)).  The court found other sentencing allegations true based on prior convictions, and sentenced Smith to 26 years in state prison.

During the original sentencing hearing, the court declined to make an order for compensatory victim restitution.  The judge described his concerns regarding compensatory victim restitution as follows: "Turning to victim restitution in this case, the California Constitution statutes require the courts impose lawful restitution to victims as set forth in the California statutes.  This court is ready, willing and able to follow the requirements of the law regarding victim restitution, and the court will do so.  [¶]  On the present record, the court is not comfortable, and I'm not satisfied with whether lawful restitution should be paid to the alleged victim on this record.  The court retains jurisdiction to enter a lawful restitution amount upon proper notice and hearing.  [¶]  The court is well aware of the multi-million dollar theft in this case.  But the court thinks [] on this record, it is the more prudent course to retain jurisdiction now rather than impose victim restitution on this record."

In 2022, the People filed two petitions to resentence Smith pursuant to section 1172.1.  Later in July 2022, when a newly appointed District Attorney took office, the People filed a motion to withdraw their requests to resentence Smith.  The court granted the motion allowing the People to withdraw their

---

[2] By request of the parties, the court takes judicial notice of its records in *People v. Smith*, Case No. A118208, which includes a transcript of the proceedings at trial and sentencing.

[3] Section 12022.6 contained a sunset clause, which repealed the statute effective January 1, 2018.

petitions to resentence Smith. Smith appealed. This court remanded the case of *People v. Smith*, Case No. A166421, back to the superior court to reconsider the motion to withdraw based upon a decision from Division One of the First Appellate District in *People v. Vaesau* (2023) 94 Cal.App.5th 132, 139. The superior court reconsidered its ruling and found there was no legal basis to withdraw the petitions for resentencing.

On December 11, 2023, the court resentenced Smith to a total of 21 years in prison. The sentence included the four-year enhancement for excessive taking pursuant to section 12022.6, subdivision (a)(4). The court ordered compensatory victim restitution in the amount of $4,475,000. In making the restitution order, the court received documentation provided by the People. The court concluded that the original sentencing judge reserved jurisdiction, that section 1202.46 gives the court "ongoing power to make orders relating to restitution," and that, despite the People's theories during the trial, there was no evidence Zimmelman was a co-conspirator.[4]

On May 13, 2024, while Smith's appeal of the victim restitution order was pending, we granted his unopposed motion for stay of enforcement of the restitution order pending resolution of the appeal.

## I. Compensatory Victim Restitution

"Ordinarily, the standard of review for a restitution order is abuse of discretion. However, when 'the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal.' " (*People v. Salas* (2017) 9 Cal.App.5th 736, 741.) As explained below, two of Smith's challenges to the order awarding compensatory victim restitution are subject to de novo review.

---

[4] During closing argument, at Smith's trial, the prosecutor argued Zimmelman was complicit in the crimes charged.

3

## A. *Reservation of Jurisdiction*

Smith contends section 1202.4 only allows a judge "to retain jurisdiction where the *amount* of loss cannot be ascertained at the time of sentencing." (Italics added.) Because resolving this contention involves statutory interpretation, we review this claim de novo. " 'Under the settled cannons of statutory construction, in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose . . . . "The statute's plain meaning controls the court's interpretation unless its words are ambiguous." [Citations.] "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.]' " (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.) Moreover, " ' " '[w]e do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' [Citation.]" [Citation.]' " (*People v. Arias* (2015) 240 Cal.App.4th 161, 168 (*Arias*).)

Section 1202.4, subdivision (f) states, "If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." But section 1202.4 cannot be read in isolation. Section 1202.46 states, "[W]hen the economic losses of a victim cannot be ascertained at the time of the sentencing pursuant to subdivision (f) of [s]ection 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined." Smith urges this court to narrowly interpret sections 1202.4 and 1202.46. Under Smith's interpretation, the only permissible reason a

4

court could reserve jurisdiction to later order compensatory victim restitution is when the amount of the loss cannot be determined.

However, section 1202.46 allows the court to retain jurisdiction "when the economic losses of a victim cannot be ascertained at the time of [the] sentencing." The plain language of the statute does not limit the court's ability to retain jurisdiction only when the *amount* of restitution cannot be determined, but rather the statute gives the court broad discretion to retain jurisdiction when the economic losses of a victim cannot be determined. In short, where the court cannot determine if there is a victim who has suffered an economic loss, the court is empowered to retain jurisdiction so that compensatory victim restitution may be ordered at a later hearing. This interpretation is consistent with section 1202.4 and with the plain language of section 1202.46. Even if there were ambiguity, this interpretation is consistent with both public policy and legislative intent of ensuring victims of crime are fully compensated. As recognized by our high court, compensatory victim restitution " ' "[i]s not to be interpreted according to narrow or supertechnical principles, but liberally and on broad general lines, so that it may accomplish in full measure the objects of its establishment . . . ." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 655.) Hence, "there is no limitation upon when the court must next set a restitution hearing, nor is there a limitation on the permissible reasons that may prevent fixing the amount of restitution." (*People v Bufford* (2007) 146 Cal.App.4th 966, 971.)

Here, the original sentencing court did not set the amount of compensatory victim restitution because the court could not determine if Zimmelman was a victim who suffered economic loss. Nothing prevented the sentencing court from reserving jurisdiction until that issue could be resolved. As such, Smith's contention that the court could have only reserved

jurisdiction if the amount of compensatory victim restitution could not be determined fails.

### B. *Compensatory Victim Restitution is Not Punishment*

Next, Smith contends the imposition of a $4,475,000 restitution award resulted in a greater sentence, violating section 1172.1, subdivision (a)(1), the right not to be placed in double jeopardy, the right not to be subjected to excessive fines, and the right against cruel and unusual punishment. " 'Whether a particular punishment is criminal or civil . . . is, at least initially, a matter of statutory construction. [Citation.]' " (*People v. Hanson* (2000) 23 Cal.4th 355, 361 (*Hanson*).) As such, we review this claim de novo.

Smith did not raise these issues in the court below, and the Attorney General argues Smith has forfeited these claims on appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) Nonetheless, "[t]he Courts of Appeal have excused forfeiture 'when a forfeited claim involves an important issue of constitutional law or a substantial right.' " (*People v. Frederickson* (2020) 8 Cal.5th 963,1031.) Here, Smith has raised both a constitutional challenge and a challenge involving a substantial right. We exercise our discretion to examine the merits of these challenges.

Turning to the merits, Smith's challenges fail. The purpose of compensatory victim restitution is to compensate the victim for economic losses incurred, not to punish an offender. (See *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1183–1184; see also *People v. Millard* (2009) 175 Cal.App.4th 7, 35 [" 'the primary purpose of victim restitution is to provide monetary compensation to an individual injured by a crime' "].) Likewise, victim restitution is not a form of punishment for the purposes of double jeopardy. (*Hanson, supra,* 23 Cal.4th at pp. 360–363.) Because compensatory victim restitution is not punishment, Smith's challenges fail.

## II. Remaining Challenges to Restitution Order

The remainder of Smith's challenges to the compensatory victim restitution order include claims that: (1) the court lacked jurisdiction to order restitution where the original sentencing judge found compelling and extraordinary circumstances not to order victim restitution; (2) Zimmelman was not an actual victim entitled to restitution; and (3) the restitution order was not supported by the evidence.[5] These claims are subject to abuse of discretion standard. (*People v. Moore* (2009) 177 Cal.App.4th 1229, 1231.)

### A.   *Jurisdiction to Order Compensatory Victim Restitution*

Smith contends the court did not have jurisdiction to order victim restitution when the original sentencing judge declined to make such an order. However, Smith's original sentence was recalled, and he was resentenced under section 1172.1. Section 1172.1, subdivision (a)(1) permits the district attorney, among others, to petition the trial court to recall a sentence and resentence a defendant. In doing so, the trial court "resentence[s] the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1).) This principle has been called the " 'full resentencing rule.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) Importantly, a lawful sentence must include any victim restitution. (*People v. Bernal* (2002) 101 Cal.App.4th 155, 164–165.) Smith was subject to full resentencing, including an order for compensatory victim restitution. Accordingly, the court was entitled to order compensatory victim restitution as if no other sentencing hearing had taken place.

---

[5] In 2007, when Smith was originally sentenced, section 1202.46 permitted a judge to find compelling and extraordinary circumstances for not ordering compensatory victim restitution. That exception was deleted from the statute in 2016. For purposes of this opinion, it is immaterial whether the exception applied when Smith was resentenced.

Even assuming Smith's argument is correct, and the court was bound by findings made at the original sentencing hearing, the original sentencing judge reserved jurisdiction over the issue of ordering compensatory victim restitution. This allowed the court to order such restitution at a later hearing. Smith's argument that the original sentencing court found compelling and extraordinary reasons for not ordering compensatory victim restitution is not supported by the record. While the original sentencing court expressed some uncertainty as to whether the victim was involved in the crime, the court did not make a finding that it was not awarding victim restitution based upon compelling and extraordinary circumstances. Rather, the record clearly reveals, the court retained jurisdiction to impose compensatory victim restitution at a future hearing.

## B. *No Evidence Victim Was a Co-Conspirator*

Smith argues that even if the court had jurisdiction to order compensatory victim restitution, Zimmelman was not entitled to restitution as he was a co-conspirator — not a victim. There is support in the law for this argument: As our high court has acknowledged, awarding compensatory victim restitution for "injuries the victim has in effect inflicted on him- or herself . . . could raise significant constitutional questions." (*People v. Martinez* (2017) 2 Cal.5th 1093, 1104.) But here, there is no evidence establishing Zimmelman was a co-conspirator. The fact that the prosecutor argued the victim was a co-conspirator is not evidence.[6] Smith points to no testimony or exhibits admitted at trial establishing Zimmelman was a co-conspirator. And the jury made no finding that Zimmelman was a co-

___

[6] CALCRIM No. 222 instructs "nothing that the attorneys say is evidence. In their opening statements and closing arguments, the attorneys discuss the case, but their remarks are not evidence." (See Evid. Code, § 140; see also *People v. Barajas* (1983) 145 Cal.App.3d 804, 809.)

conspirator. Speculation and innuendo are not sufficient to deprive victims of their constitutional right to restitution. Therefore, the court did not err in finding Zimmelman was a victim who suffered economic loss.

### C. *Order Was Supported by Evidence*

Finally, Smith contends that the evidence did not support the restitution award. Smith argues the only evidence presented on the issue of compensatory victim restitution was the following: (1) an unsigned letter describing the categories of the items stolen and an opinion as to the value of each category, i.e., diamond rings valued at $1,656,630; and (2) a letter from the insurance company offering $4,475,000 to settle the insurance claim. Smith did not object to the restitution order on this ground at the resentencing hearing. Generally, "[a] defendant wishing to argue on appeal that there is no factual basis for a restitution order must object on that ground in the trial court to preserve the issue for appeal." (*People v. Mays* (2017) 15 Cal.App.5th 1232, 1237.) Because Smith did not object to the factual basis for the restitution order, he did not preserve the issue for appeal.

Of course, had Smith objected, his contention would fail. The standard of proof at a restitution hearing is preponderance of the evidence, not proof beyond a reasonable doubt. (*People v Lehman* (2016) 247 Cal.App.4th 795, 801.) And it is well-settled that " 'an owner's opinion of the value of his or her property is sufficient evidence to establish value.' " (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 (*Gemelli*).) In *Gemelli*, the appellate court held that the trial court appropriately set restitution based on the probation officer's report and attached statement from the victim. (*Id*. at p. 1544.) Here, it was sufficient for the court to rely on the victim's opinion of the stolen jewelry's value. Additionally, the court relied on the insurance payout

as corroboration of the victim's estimation of the jewelry's value.  Smith put on no evidence rebutting the amount of compensatory victim restitution ordered by the court.  Accordingly, no abuse of discretion occurred where, as here, "there is a rational and factual basis for the amount of the restitution ordered."  (*Gemelli*, at p. 1542.)

The trial court did not err in awarding compensatory victim restitution in the amount of $4,475,000.

## III.  Section 12022.6 Sentence Enhancement

Section 1172.1, subdivision (a)(2) requires the court to "[a]pply any changes in the law that reduce sentences."  Section 12022.6, an enhancement for excessive taking, had a sunset clause, in which the statute was repealed effective January 1, 2018.  Smith contends the sentencing court erred by not striking the four-year enhancement pursuant to section 12022.6, subdivision (a)(4).  We disagree.

Division Two of the First Appellate District held that it was clear from the language of section 12022.6 the "Legislature planned the conditional repeal as a mechanism to review the effects of inflation, not because it determined enhancements should no longer apply for excessive taking . . . ."  (*People v. Medeiros* (2020) 46 Cal.App.5th 1142, 1151.)  Moreover, "to the extent the language of the statute itself is ambiguous, . . . the Legislative Counsel's Digest provides further evidence of legislative intent.  It states: 'This bill would state the Legislature's intent that the provisions of the bill be reviewed within 10 years to consider the effects of inflation on its provisions and that it be applied prospectively only.' "  (*Ibid*.; *cf*. Legis. Counsel's Dig., Assem. Bill No. 1705 (2007–2008 Reg. Sess.).)

The plain language of section 1172.1 requires the court at resentencing to apply any changes in the law that reduce sentences.  (§ 1172.1,

10

subd. (a)(2).)  As stated above, we construe statutes " ' " ' "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness."  [Citation.]' [Citation.]" [Citation.]' " (*Arias, supra,* 240 Cal.App.4th at p.168.)  Here, the two statutes are not so irreconcilable and inconsistent that they cannot coexist or operate concurrently.  (*People v. Chenze* (2002) 97 Cal.App.4th 521, 526.)  The repeal of 12022.6 operates prospectively to crimes committed after January 1, 2018.  That is not the present case, where Smith committed his crimes before 2018.  Because the legislature intended the repeal of section 12022.6 to operate prospectively, its repeal is not a change in the law that would reduce sentences for crimes that occurred before 2018.  Therefore, the court did not err in imposing the four-year excessive taking enhancement.

## DISPOSITION

The court's sentence and judgment is affirmed.  In light of our decision, the stay of enforcement of the victim restitution order which we issued on May 13, 2024, is lifted.

DOUGLAS, J.*

We concur:

BROWN, P. J.
STREETER, J.

*People v. Smith* (A169430)

---

*Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11