Filed 10/25/23

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C097431 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-178455A) |
| v. | |
| JEFFREY NELS MICHAEL LAROCHE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Placer County, Steven J. Howell, Judge. (Retired judge of the Butte Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed as modified.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ismah Ahmad, Deputy Attorneys General, for Plaintiff and Respondent.

1

A mounted ram's head, with large double curling antlers creates an impressive image. Defendant Jeffrey Nels Michael LaRoche deprived Antonio Davila of such a hunting trophy and now seeks to challenge the amount of restitution ordered to Davila for its loss. Entitled to restitution for economic loss resulting from defendant's criminal conduct, Davila claimed the loss of the ram's head amounted to $7,500, which included the cost of the associated hunting trip, taken approximately 10 years prior. We agree with defendant that the trial court erred when it included the hunting trip as an economic loss because the experience was not property lost as a result of defendant's criminal conduct. While the statutory framework for victim restitution is broad, we conclude it is not so broad as to include costs attendant to the acquisition of the stolen property.

## LEGAL AND FACTUAL BACKGROUND

Following the filing of a felony complaint, defendant entered a plea agreement wherein he agreed to plead no contest to three counts in exchange for a stipulated sentence and the dismissal of additional charges.[1] Following the plea, he was convicted of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[2] (count one), receiving a stolen vehicle (§ 496, subd. (a)) (count three), and second degree burglary (§ 459) (count seven). Pursuant to the agreement, he was sentenced to an aggregate term of two years eight months in state prison.

---

[1] Defendant was charged with an additional five offenses including possession of ammunition, two counts of receiving stolen property, possession of a controlled substance, and another count of receiving stolen property (counts two, four, five, six, & eight, respectively). These were dismissed as part of the stipulated plea, subject to a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

[2] Undesignated statutory references are to the Penal Code.

2

At the subsequent restitution hearing, two victims came forward: Davila and his father, Adalberto Davila.[3] Davila kept property in his father's garage, including the mounted ram's head, which defendant allegedly stole. The ram's head was among property that was never recovered.

Davila acquired the ram's head from a hunting trip in Texas between 2010 and 2012. Davila testified it cost $7,500 to procure the mounted ram's head. This total included $6,000 for travel to and from the Texas ranch, accommodations, food, the actual hunt itself, and an additional $1,500 to taxidermize and mount the head. Davila testified he could not purchase a replacement, as the ram was "one of a kind" and it was illegal to trade in taxidermied animals. Because the ram's head was irreplaceable, the People argued Davila should be reimbursed for the entire amount of $7,500.

Defense counsel argued that Davila failed to present adequately detailed information to establish the restitution amount Davila was requesting. Because the victim failed to make a prima facie showing of an economic loss, defense counsel argued, the burden did not shift to him to counter the amount of the claimed loss. The trial court rejected that argument, finding the $7,500 represented the full value of the claimed loss and that defense counsel did not sufficiently show the true amount of restitution should have been less than what the victim alleged.

Defendant timely appealed.

## DISCUSSION

### I

### *Forfeiture*

The People initially argue that defendant forfeited the restitution issue because trial counsel only objected to a lack of documentation and not to the restitution amount

---

[3]     Defendant does not challenge the trial court's order of restitution to Adalberto Davila.

3

victim testified to.  However, objecting to the lack of documentation to prove the value of an item, as well as arguing the People failed to meet their burden, is the equivalent of objecting to the prima facie showing of the value of the item itself.  (*Sargent Fletcher, Inc. v. Able Corp.* (2003) 110 Cal.App.4th 1658, 1667-1668 [clarifying that once a party produces evidence sufficient to make its prima facie case, the burden of producing evidence shifts to the other party]; see *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1543 [indicating the defendant has the burden "to prove the amount claimed exceeds the repair or replacement cost of damaged or stolen property"].)  We conclude defense counsel's objection to the value asserted was sufficient to preserve the issue for appeal.  In addition, in their briefing the parties have substantively addressed the propriety of the restitution amount awarded, which allows us to reach the merits of the claim.

II

*Analysis*

The California Constitution dictates that restitution be ordered from the convicted wrongdoer "in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss."  (Cal. Const., art. I, § 28, subd. (b)(13)(B).)  The right to victim restitution " 'is to be broadly and liberally construed.' "  (*People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191.)  Defendant contends the trial court abused its discretion when it ordered that the victim could recuperate the $6,000 he spent on the hunting trip itself.  He argues that the trip was not "property" lost as a result of his criminal conduct and therefore cannot be considered an "economic loss" under the restitution statute.  Rather, the hunting trip was an experience from the victim's past that he was not deprived of by defendant's criminal conduct.  We agree.

Ordinarily, and as the parties both point out, " '[a] trial court's determination of the amount of restitution is reversible only if the appellant demonstrates a clear abuse of discretion. [Citation.] . . . [Citation.]  In determining the amount of restitution, all that is required is that the trial court "use a rational method that could reasonably be said to

4

make the victim whole, and may not make an order which is arbitrary or capricious." [Citations.]  The order must be affirmed if there is a factual and rational basis for the amount.  [Citation.]' " (*People v. Prosser* (2007) 157 Cal.App.4th 682, 689-690, quoting *People v. Akins* (2005) 128 Cal.App.4th 1376, 1382.)  However, where, as here, " 'the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which is subject to *de novo* review on appeal.' " (*People v. Henderson* (2018) 20 Cal.App.5th 467, 470, quoting *People v. Williams* (2010) 184 Cal.App.4th 142, 146.)

Whether costs a victim incurs in acquiring the property deprived by the defendant's criminal conduct constitutes an *economic loss* under section 1202.4 is a legal issue of statutory construction.  (Cf. *People v. Saint-Amans* (2005) 131 Cal.App.4th 1076, 1084 [whether a bank can be a "direct victim" under § 1202.4 is a legal issue of statutory construction, which is reviewed under an independent or de novo standard].)  To answer that question, we give the statutory language its plain and commonsense meaning. (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 381, citing *Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

Here, Davila testified to the amounts paid for both the hunting experience ($6,000), as well as the cost to taxidermize and mount the ram's head ($1,500). Defendant does not take issue with awarding $1,500 for the loss of the mounted ram's head resulting from his criminal conduct.  Rather, defendant argues that unlike the taxidermied ram's head, the hunting trip does not constitute an economic loss or property so he should not be ordered to reimburse Davila for the expenses associated with the experience in obtaining it.  The People argue that the " 'one of a kind' " ram mount is impossible to replace, and thus the replacement cost of the ram mount necessarily includes the costs associated with procuring it.  Defendant has the better argument.

We need only focus on the plain language of section 1202.4, which provides that to make the victim whole, restitution must be paid for "economic loss," including "property."  (§ 1202.4, subd. (f)(3), (f)(3)(A).)  Subdivision (f) of section 1202.4

5

instructs: "[I]n every case in which a victim has suffered *economic loss* as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . The court shall order full restitution." (Italics added.) Finally, subdivision (f)(3) details: "To the extent possible, the restitution order shall . . . be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined *economic loss* incurred as the result of the defendant's criminal conduct, including, but not limited to, all of the following: [¶] (A) Full or partial payment for the value of stolen or damaged *property*. The value of stolen or damaged *property* shall be the replacement cost of like *property*, or the actual cost of repairing the *property* when repair is possible." (Italics added.) Lastly, "A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall." (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)

While a victim's right to restitution is to be broadly and liberally construed, the Legislature has imposed a limitation on victim restitution that the loss must be an "economic loss" incurred as a result of the defendant's criminal conduct. (See *People v Williams, supra*, 184 Cal.App.4th at p. 147.) Here, defendant's criminal conduct that deprived Davila of the ram's mount did nothing to deprive Davila of the financial value of the hunting trip itself. We do not construe the statute's reference to losses resulting from the defendant's criminal conduct so expansive as to encompass the costs of the experience in procuring the stolen property. We thus hold that the value of the property in this case, i.e., the "economic loss," does not include the costs attendant to procuring the ram; the trial court erred in concluding otherwise.

**DISPOSITION**

The judgment is modified to reduce the restitution award to Antonio Davila to $1,500. As modified, the judgment is affirmed.

                                      _____/s/_____
                                       EARL, P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
ROBIE, J.